IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-61847-XXXX

LIDIA SPICER,

    Plaintiff,

vs.

RADER MANAGEMENT, CORP.,
JOG DONUTS, INC.,
JOHN RADER, individually, and
GLORIA RADER, individually,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, LIDIA SPICER ("Plaintiff"), on behalf of herself and all others similarly situated under 29 U.S.C. § 216(b), hereby sues Defendants RADER MANAGEMENT CORP., JOG DONUTS, INC., JOHN RADER, individually, and GLORIA RADER, individually (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this court's jurisdictional requirements, a reasonable attorneys' fee and costs, and all other remedies allowable by law.

**PERERA BARNHART**
12555 Orange Drive· Second Floor · Davie, FL 33330 · Phone (786) 485.5232

## PARTIES, JURISDICTION AND VENUE

3. Rader Management, Corp. ("Rader Management") is, and was, a non-Florida profit corporation that conducted business in Broward County, Florida during the relevant period.

4. Jog Donuts, Inc. ("Jog Donuts") is, and was, a Florida profit corporation that conducted business in Broward County, Florida during the relevant period.

5. John Rader ("John") is, and was, an owner and operator of Rader Management and Jog Donuts, and conducted business in Broward County, Florida during the relevant period.

6. Gloria Rader ("Gloria") shared in the responsibility of reviewing Plaintiff's work hours and paying Plaintiff for her work hours.

7. Plaintiff was formerly employed by Defendants and performed work for Defendants in Broward County.

8. Venue is proper in this Court because Defendants transact business in this district, Defendants maintain a principal place of business in this district, Defendants employed Plaintiff in this district and the claims arose within the district.

## GENERAL ALLEGATIONS

### A. Defendants' Business and Employment Of Plaintiff

9. Rader Management operates as a Dunkin' Donuts store.

10. Jog Donuts operates as a Dunkin' Donuts store

11. Plaintiff began working for Defendants in 2010/2011.

12. Plaintiff's employment ended on or about June 26, 2017.

13. Plaintiff performed work as a housekeeper/nanny for Defendants and was paid her regular wages through Rader Management and Jog Donuts.

14. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

**B. Defendants' Illegal Payment Practices.**

15. During her employment with Defendants, Plaintiff frequently worked over 40 hours a week.

16. Plaintiff typically worked thirteen (13) hours a day, six days per week. This totals seventy-eight (78) hours per week.

17. During her employment, Plaintiff was generally paid $600.00 per week but failed to pay such money on a "free and clear" basis as required by the FLSA.

18. Specifically, Plaintiff was paid some wages and then instructed by Gloria Rader to either provide money for Gloria's son, Craig Rader, or otherwise pay for certain bills and items.

19. Plaintiff would often put these expenses on her personal credit card(s).

20. Gloria would repeatedly promise to pay Plaintiff back but currently owes Plaintiff tens of thousands of dollars.

21. Throughout Plaintiff's employment, Defendants had knowledge of Plaintiff's overtime hours, but purposefully failed to provide her complete and adequate overtime pay in violation of the FLSA.

22. Defendants willfully and intentionally refused to pay Plaintiff in accordance with the FLSA.

23. Moreover, Defendants failed to maintain proper time records for Plaintiff's work hours.

24. Plaintiff has retained undersigned counsel and agreed to pay a reasonable attorneys' fee for all services rendered.

## COUNT I
## <u>OVERTIME VIOLATIONS AGAINST RADER MANAGEMENT UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF</u>

25. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

26. Upon information and belief, Rader Management has an annual volume of sales or business exceeded $500,000 during the relevant period.

27. As part of its business, Rader Management purchased goods and materials that traveled through interstate commerce.

28. At all relevant times, Rader Management employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

29. Upon information and belief, Rader Management obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

30. Rader Management, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant time period.

31. Rader Management is an employer engaged in interstate commerce and subject to the FLSA.

32. During her employment, Rader Management paid Plaintiff's weekly wages and had knowledge of Plaintiff working overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

33. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

34. In addition, Rader Management is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Rader Management under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
### OVERTIME VIOLATIONS AGAINST JOG DONUTS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

36. Upon information and belief, Jog Donuts' annual volume of sales or business exceeded $500,000 during the relevant period.

37. As part of its business, Jog Donuts purchased goods and materials that traveled through interstate commerce.

38. At all relevant times, Jog Donuts employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

39. Upon information and belief, Jog Donuts obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

40. Jog Donuts, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

41. Jog Donuts is an employer engaged in interstate commerce and subject to the FLSA.

42. During her employment with Jog Donuts paid Plaintiff's weekly wages and had knowledge of Plaintiff working overtime hours for which Plaintiff was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA

43. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

44. In addition, Jog Donuts is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Enter judgment for Plaintiff against Jog Donuts under the FLSA;

b.  Award Plaintiff actual damages for the unpaid overtime wages;

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff attorneys' fees and costs;

e.  Award Plaintiff all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATIONS AGAINST JOHN RADER UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

45. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

46. During the entire relevant period, John Rader was an Executive Officer and owner of Rader Management and Jog Donuts.

47. During the relevant period, John Rader operated the day-to-day activities of Rader Management and Jog Donuts, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages for the hours she worked for both companies.

48. John Rader was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

49. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

50. John Rader had knowledge of these overtime wages.

51. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

52. John Rader is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against John Rader under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT IV
## OVERTIME VIOLATIONS AGAINST GLORIA RADER UNDER THE FAIR LABOR STANDARDS ACT

53. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

54. During the entire relevant period, Gloria Rader was the direct contact for Plaintiff for employment issues and was partially or totally responsible for paying Plaintiff's wages for the hours she worked for corporate Defendants.

55. Gloria Rader was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

56. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

57. Gloria Rader had knowledge of these overtime wages.

58. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

59. Gloria Rader is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Gloria Rader under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

### COUNT V
### MINIMUM WAGE VIOLATIONS AGAINST RADER MANAGEMENT UNDER THE FAIR LABOR STANDARDS ACT

60. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

61. Upon information and belief, Rader Management has an annual volume of sales or business exceeded $500,000 during the relevant period.

62. As part of its business, Rader Management purchased goods and materials that traveled through interstate commerce.

63. At all relevant times, Rader Management employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

64. Upon information and belief, Rader Management obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

65. Rader Management, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant time period.

66. Rader Management is an employer engaged in interstate commerce and subject to the FLSA.

67. During her employment, Rader Management paid Plaintiff's weekly wages, but such wages were not paid "free and clear" as required by the FLSA.

68. Due to this failure to pay wages in a lawful "free and clear" manner, Plaintiff was not properly paid an hourly minimum wage for each and every hour worked as required by the FLSA.

69. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

70. In addition, Rader Management is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

PERERA BARNART, P.A.
12555 ORANGE DRIVE · SUITE 268 · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a.  Enter judgment for Plaintiff against Rader Management under the FLSA;

b.  Award Plaintiff actual damages for the unpaid minimum wages;

c.  Award Plaintiff liquidated damages;

d.  Award Plaintiff attorneys' fees and costs;

e.  Award Plaintiff all recoverable interest; and

f.  Award any other relief this Honorable Court deems just and proper.

## COUNT VI
### MINIMUM WAGE VIOLATIONS AGAINST JOG DONUTS UNDER THE FAIR LABOR STANDARDS ACT

71. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

72. Upon information and belief, Jog Donuts' annual volume of sales or business exceeded $500,000 during the relevant period.

73. As part of its business, Jog Donuts purchased goods and materials that traveled through interstate commerce.

74. At all relevant times, Jog Donuts employed two or more employees, including Plaintiff, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

75. Upon information and belief, Jog Donuts obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic

means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

76. Jog Donuts, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

77. Jog Donuts is an employer engaged in interstate commerce and subject to the FLSA.

78. During her employment, Jog Donuts paid Plaintiff's weekly wages, but such wages were not paid "free and clear" as required by the FLSA.

79. Due to this failure to pay wages in a lawful "free and clear" manner, Plaintiff was not properly paid an hourly minimum wage for each and every hour worked as required by the FLSA.

80. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

81. In addition, Jog Donuts is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Jog Donuts under the FLSA;

b. Award Plaintiff actual damages for the unpaid minimum wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

**COUNT VII**
**MINIMUM WAGE VIOLATIONS AGAINST JOHN RADER UNDER**
**THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF**
**AND ALL OTHERS SIMILARLY SITUATED**

82. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

83. During the entire relevant period, John Rader was an Executive Officer and owner of Rader Management and Jog Donuts.

84. During the relevant period, John Rader operated the day-to-day activities of Rader Management and Jog Donuts, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages for the hours she worked for both companies.

85. John Rader was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

86. During her employment with Defendants, Plaintiff worked without receiving her wages in a "free and clear" manner required by the FLSA and, as a consequence, was not properly paid at least the federal minimum wage for all hours worked.

87. John Rader had knowledge that Plaintiff's wages were not paid a in a "free and clear" manner.

88. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

89. John Rader is also jointly and severally liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against John Rader under the FLSA;

    b.    Award Plaintiff actual damages for the unpaid minimum wages;

    c.    Award Plaintiff liquidated damages;

    d.    Award Plaintiff attorneys' fees and costs;

    e.    Award Plaintiff all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

## COUNT VIII
## MINIMUM WAGE VIOLATIONS AGAINST GLORIA RADER UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED

90. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above as if fully set forth herein.

91. During the entire relevant period, Gloria Rader was the direct contact for Plaintiff for employment issues and was partially or totally responsible for paying Plaintiff's wages for the hours she worked for corporate Defendants.

92. Gloria Rader was Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during some or all of the relevant period.

93. During her employment with Defendants, Plaintiff worked without receiving her wages in a "free and clear" manner required by the FLSA and, as a consequence, was not properly paid at least the federal minimum wage for all hours worked.

94. Gloria Rader had knowledge that Plaintiff's wages were not paid a in a "free and clear" manner.

95. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

96. Gloria Rader is also jointly and severally liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Gloria Rader under the FLSA;

b. Award Plaintiff actual damages for the unpaid minimum wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated:  July 23, 2019

                                        Respectfully submitted,

By: ***J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No.: 092044
brody@pererabarnhart.com
Waynice A. Green, Esq.
Florida Bar No. 116175
waynice@pererabarnhart.com
Florida Bar No. 116175
**PERERA BARNHART, P.A.**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*